UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT W. JOHNSON,<br>Plaintiff, | ) | |
| v. | ) | Civil No. 26-13450-LTS |
| FEDERAL BUREAU OF PRISONS,<br>Defendant. | ) | |

MEMORANDUM AND ORDER

September 29, 2026

SOROKIN, J.

For the reasons set forth below, the Court denies plaintiff's motion for default judgment and motion for leave to proceed *in forma pauperis*. If plaintiff wishes to proceed with this action, he shall file (1) a new motion or leave to proceed *in forma pauperis* accompanied by his certified prison account statement, and (2) an amended complaint that identifies a basis for this Court's jurisdiction and states a plausible claim for relief.

## I. BACKGROUND

Plaintiff Robert Willie Johnson, a federal pretrial detainee in custody at FMC Devens, filed a complaint and motion for leave to proceed *in forma pauperis* in the United States District Court for the Eastern District of Pennsylvania. Johnson v Federal Bureau of Prisons, No. 2:26-cv-05048 (filed July 17, 2026). That court ordered the matter transferred to this district, (Doc. No. 4). Plaintiff subsequently filed a statement (Doc. No. 8) and a motion for default judgment. (Doc. No. 9).

Plaintiff identifies the defendants as the Federal Bureau of Prisons, et al. and states that the "defendants addresses [are] pending." (Doc. No. 1 at 2). The complaint is brought pursuant to the legal mail regulations found at 28 C.F.R. §§ 540.18, 540.19(a); 540.2(c) and three federal

criminal statutes [18 U.S.C. §§ 241, 645, 1028]. Id. Plaintiff identifies an officer as "John Doe 1" and alleges that he "opened and did not sign for legal mail [on July 3, 2026." Id. He also alleges that on April 8, 2026, he "was illegally detained, fingerprinted, processed via U.S. Department electronic devices and coerced to sign documents to be admitted into FMC Devens." Id. at 3. For relief, plaintiff seeks monetary damages, release from custody, dismissal of pending criminal charges, "civil investigative demands" and termination of "employment for responsible parties." Id. at 3.

In his statement, Doc. No. 8, Plaintiff states that he "is being illegally detained, human trafficked and accepted for monetary bribes via board-in contracts furnished by [several federal agencies]." Id. at 1. Plaintiff repeats his request for an investigation and immediate release from custody. Id. at 2. Plaintiff seeks a default judgment based on the defendants' failure "to file notices of appearances." Doc. No. 9 at 1.

II. LEAVE TO PROCEED IN FORMA PAUPERIS

The *in forma pauperis* statute's definition of a "prisoner" includes certain pretrial detainees. See 28 U.S.C. § 1915(h). A prisoner seeking leave to proceed without prepayment of the filing fee in a non-habeas action must include with his *in forma pauperis* motion a "copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each [facility] at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[1]

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the Plaintiff's account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the

On August 13, 2025, Plaintiff was charged by criminal complaint with false declaration in bankruptcy (18 U.S.C. § 152(3)), bankruptcy fraud (18 U.S.C. § 157), and falsification of bankruptcy records (18 U.S.C. § 1519), in the United States District Court for the Northern District of New York. See United States v. Johnson, No. 5:25-MJ-00236 (N.D.N.Y. filed Aug. 13, 2025), (Doc. No. 2). On March 23, 2026, Plaintiff was committed, pursuant to 18 U.S.C. § 4241(d), to the custody of the Attorney General for psychiatric examination, evaluation and treatment. See Doc. No. 39, Amended Order, United States v. Johnson, No. 5:25-MJ-00236 (N.D.N.Y.). Plaintiff is therefore a "person ... detained in any facility" that has been "accused of ... violations of criminal law," and he thus meets the statutory definition of a "prisoner" for purposes of § 1915(a); see Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir. 2004) (holding that civilly committed person whose criminal proceedings were held in abeyance during treatment for mental illness was a "prisoner").

Plaintiff failed to provide a certified prison account statement with his application to proceed *in forma pauperis*. If Plaintiff wishes to proceed with this action, he must file a new motion for leave to proceed *in forma pauperis* accompanied by his certified prison account statement.

## III. SCREENING OF THE COMPLAINT

Under the Prison Litigation Reform Act, prisoners' complaints, seeking relief against a governmental entity, or an officer or an employee thereof, are preliminarily screened. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss a complaint or a portion thereof if the claims raised: (1) are legally frivolous or malicious, (2) fail to state a claim on which relief can be

---

Plaintiff remains obligated to pay the fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

granted, or (3) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

When examining the sufficiency of the pleadings, the Court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

In conducting this review, the Court liberally construes plaintiff's complaint because he is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

IV. DISCUSSION

Here, even with a generous reading of the complaint, it does not meet the screening requirements of 28 U.S.C. § 1915(e)(2).

Construing the complaint generously, the complaint can be fairly read to include a constitutional challenge to the treatment of Plaintiff's legal mail under the applicable prison regulations pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, the complaint lacks specific factual allegations concerning the July incident.

To the extent Plaintiff seeks release from confinement, such a remedy is not available through a civil complaint. Generally, 28 U.S.C. § 2241 is the vehicle for challenging the fact of confinement and a civil rights action under is the vehicle for seeking damages and other relief for unconstitutional conditions of confinement. See, e.g., Allen v. McCurry, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of habeas corpus] is not to redress civil injury, but to release the applicant from unlawful physical confinement."). "[T]he essence of habeas corpus is an

attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action].") (citation omitted). If Plaintiff wishes to challenge the legality of his custody, he may initiate a new action by filing a petition for writ of habeas corpus. The Court expresses no view on the merits of such habeas petition.

## V. PLAINTIFF MAY FILE AN AMENDED COMPLAINT

For the reasons stated above, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted. If he chooses to pursue this action, he must file an amended complaint. Any amended complaint must comply with the pleading requirements outlined in the Federal Rules of Civil Procedure. An amended complaint shall: (1) provide a jurisdictional basis for the claims in accordance with Rule 8(a)(1) of the Federal Rules of Civil Procedure; (2) include a demand for judgment for the relief sought as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure; and (3) fully describe the incidents as well as each defendants conduct. The case caption of any amended complaint must clearly name each party he intends to sue. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

The filing of an amended complaint completely replaces the original complaint. Brait Builders Corp. v. Mass., Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011). Thus, any facts or claims that plaintiff wishes to maintain from the original complaint must be included in the amended complaint. If an amended complaint is filed, it will be further screened.

## VI. CONCLUSION

Accordingly, it is hereby ORDERED that

1. The motion for leave to proceed *in forma pauperis* (Doc. No. 2) is DENIED WITHOUT PREJUDICE.

2. The motion for default judgment (Doc. No. 9) is DENIED AS PREMATURE.

3. If plaintiff wishes to proceed in this matter, he must (1) file a new motion for leave to proceed *in forma pauperis* accompanied by his certified prison account statement; and (2) file an amended complaint curing the pleading deficiencies of the original complaint and setting forth a plausible claim upon which relief may be granted. Failure to comply with these directives within twenty-eight (28) days of the date of this Memorandum and Order will result in dismissal of this action.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge